**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-2415
_____

WILLIAM MOHL,

Appellant

v.

COUNTY OF LEBANON; MICHAEL DELEO, Individually;
DESIREE J. NGUYEN, Individually; MELISSA LIGHT, Individually

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No.: 1-12-cv-00019)
District Judge: John E. Jones, III

_____

Submitted under Third Circuit LAR 34.1(a)
on March 3, 2014

Before: RENDELL, SMITH and HARDIMAN, <u>Circuit Judges</u>

(Filed: April 1, 2014)

_____

O P I N I O N

_____

**RENDELL**, <u>Circuit Judge</u>:

William Mohl appeals from the District Court's dismissal of his Amended Complaint, setting forth claims under the Family and Medical Leave Act, the Americans with Disabilities Act, and 42 U.S.C. § 1983. We will vacate and remand for further proceedings.

In his Complaint, Mohl alleged that, after serving as a Deputy Sheriff in Lebanon County for eleven years, he suffered a heart attack in 2009, was hospitalized and thereafter took FMLA leave while he recovered. He claimed that although he had received satisfactory performance evaluations before, once he returned to work after taking his FMLA leave, he was treated differently and was retaliated against for having taken the leave. He states that he was disciplined, denied work-related trainings, threatened with termination, and that such retaliation for taking FMLA leave was ongoing, severe and pervasive. (Compl. ¶31.) Further, his supervisor, Sheriff Michael DeLeo, allegedly posted Mohl's confidential FMLA form for 2009 on the public office bulletin board, and cursed at Mohl, threatening to "take him down" and "get rid of him." (*Id.* ¶38.)

Other incidents occurred between Mohl and DeLeo in August of 2010, such that on August 23, Mohl filed a grievance based on FMLA retaliation, in the form of posting his confidential information. (App. A52.) At a grievance hearing held in November 2010, Mohl alleges that DeLeo verbally attacked and threatened him, knowing that Mohl

2

had a heart condition.[1]  Immediately after the hearing Mohl was taken to the hospital, suffering from a "severe panic attack."  (Compl. ¶72.)

Indeed, Mohl claims that his treating physician completed an FMLA certification in March 2011, stating, "[t]he entire problem is caused by a hostile work environment due to his boss . . . .  He cannot escape the threats and intimidation so he is disabled by anxiety."  (*Id.* ¶86.)  Mohl states that his doctor provided a similar note to defendants in April, and again in June 2011.  (*Id.* ¶¶90, 95.)  On July 14, 2011, Defendants terminated Mohl.  (*Id.* ¶107.)  Mohl proceeded to exhaust his administrative remedies and then filed a Complaint under the Americans with Disabilities Act, the Pennsylvania Human Relations Act, the FMLA, and 42 U.S.C. § 1983.  Included as defendants were the County of Lebanon, Sherriff DeLeo, Director of Human Resources Desiree Nguyen, and Assistant Director of Human Resources Melissa Light.

Since Mohl's appeal concerns only the allegations of his claim for relief under the FMLA, we confine our discussion to those allegations as set forth in Count III.  In that Count, Mohl alleged in part that:

> Defendants retaliated against Mr. Mohl and negatively affected the terms, conditions, and privileges of Mr. Mohl's employment after Mr. Mohl exercised his right to take 12 weeks of FMLA leave to care for his own serious health condition, including disciplining him, willfully failing to maintain the privacy of his FMLA documentation, failing to provide him with an equivalent position, and terminating him from his position.

---

[1] *See* Compl. ¶71 (alleging that DeLeo admitted to posting Mohl's private health information, with DeLeo stating, "[s]o what.  I am an elected official.  I can do what I want to him.  I can even put his HIPAA report in the Daily News if I want to.").

(Compl. ¶180.) In his prayers for relief, Mohl sought various types of monetary and equitable relief, including but not limited to an "Order directing Defendant's to restore Mr. Mohl and make him whole," and, "[f]or an Order directing Defendants pay relief to Mr. Mohl in the form of front pay for those wages and benefits he would be receiving if he had not been improperly terminated and disciplined . . . ." (App. A64.)

The defendants filed a motion for judgment on the pleadings under Rule 12(c) which was granted.[2] Our review is plenary. "Judgment will not be granted unless the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005). As with a motion to dismiss for failure to state a claim under Rule 12(b)(6), we must view the facts alleged in the light most favorable to the nonmoving party. *Id.*

Setting forth the applicable legal principles, the District Court focused on the adverse employment actions urged by Mohl, namely the denial of training, employment opportunities, and issuance of discipline, and the Court concluded that those acts caused no compensable harm. The Court held that since front pay damages were not awardable when resulting from a valid termination, and "stress-related medical damages are not [compensable] financial losses," dismissal was warranted. (App. A14-15.)

Mohl appeals, contending that his termination was unlawful and that he is entitled to an array of damages based on the defendants' retaliatory conduct.

---

[2] The Court had previously dismissed all of Mohl's claims other than his claim for retaliation under the FMLA, and the defendants urged that Mohl had failed to plead that he had suffered an adverse employment act sufficient to sustain such a claim and that he was seeking damages not cognizable under the FMLA.

4

Reviewing the relevant case law, the District Court reached two conclusions: first, that a lawful termination extinguishes the employment relationship, such that wage loss following termination is non-compensable. *See Hite v. Biomet, Inc.*, 53 F. Supp. 2d 1013, 1025 (N.D. Ind. 1999). And, second, that there can be no recovery under the FMLA for monetary loss in the nature of stress-related medical damages caused by an FMLA violation. *See Dawson v. Leewood Nursing Home, Inc.*, 14 F. Supp. 2d 828, 833 (E.D. Va. 1998).

In sum, the District Court held that damages were not available given that Mohl's termination was lawful. On appeal, Mohl contends that, in fact, he alleged unlawful termination, as exemplified by certain parts of his Complaint, wherein he claims wage loss stemming from the fact that he was "improperly terminated."[3] (Compl. ¶180; App. A64.) The District Court did not appear to take note of these statements in its 12(b)(6) inquiry, instead finding that "[a]t no juncture . . . does the Plaintiff contend that his termination was unlawful or state facts which might otherwise support that inference." (App. 15.) We will vacate and remand so the District Court can evaluate whether Mohl

---

[3] The District court also disallowed attorneys' fees based on its view that there was no otherwise compensable claim. Obviously if Mohl is successful in his claims upon remand, fees would be allowable under 29 U.S.C. § 2617(a)(3). We express no opinion as to Mohl's right to be reinstated, as that was not addressed by the District Court.

sufficiently pleaded a wrongful termination claim in light of the above statements, or

whether further amendment of the Complaint might be warranted.[4]

---

[4] The District court also disallowed attorneys' fees based on its view that there was no otherwise compensable claim. Obviously if Mohl is successful in his claims upon remand, fees would be allowable under 29 U.S.C. § 2617(a)(3). We express no opinion as to Mohl's right to be reinstated, as that was not addressed by the District Court. Because the case will be remanded, we need not now reach the further question of whether stress-related medical damages are recoverable under the FMLA, as this issue will be ripe for consideration when there is a final order of the District Court.